| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| FORMAN HOLT & ELIADES LLC<br>218 Route 17 North<br>Rochelle Park, New Jersey 07662<br>(201) 845-1000<br>Attorneys for Charles M. Forman, Chapter 11 Trustee<br>William L. Waldman  (WLW-1452) | |
| In re:<br><br>OMNE STAFFING, INC., ET AL.,<br><br>　　　　　　　Debtors. | Chapter 11<br><br>Case No. 04-22316 (RG)<br><br>Judge Rosemary Gambardella |
| CHARLES M. FORMAN, CHAPTER 11 TRUSTEE<br>OF OMNE STAFFING, INC.,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>BOCCHI LABORATORIES, INC.<br>　　　　　　　Defendant. | Adv. Pro. No:<br><br>**COMPLAINT FOR TURNOVER<br>OF PROPERTY OF THE ESTATE<br>AND FOR AN ACCOUNTING** |

　　　　Charles M. Forman, the duly appointed Chapter 11 Trustee and the Plaintiff in this adversary proceeding, through his attorneys, Forman Holt & Eliades LLC, for his complaint against BOCCHI LABORATORIES, INC. (the "Defendant") alleges that:

**PROCEDURAL BACKGROUND**

　　　　1.　　On April 9, 2004 (the "Filing Date"), Omne Staffing, Inc., Omne Payroll Services, Inc., Omne Staffing II, Inc., Omne Staffing III, Inc., Omne Staffing IV, Inc., Westcott II, LLC and VanPower, Inc. (collectively the "Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101 *et seq*.

　　　　2.　　On May 6, 2004, the United States Trustee appointed the Trustee to serve as the Chapter 11 Trustee for the Debtors' estates.

3. On September 10, 2004, this Court entered an Order substantively consolidating the Debtors' bankruptcy estates.

## JURISDICTION

4. This adversary proceeding arises in the Debtors' bankruptcy case.

5. This adversary proceeding arises under 11 U.S.C. §542, and applicable state law.

6. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§1334 and 157(b).

7. This adversary proceeding is a core proceeding under 28 U.S.C §157(b)(2)(A), (E) and (O).

8. Venue in this District is proper under 28 U.S.C. §1409(a).

## FACTUAL BACKGROUND

9. As of the Filing Date, Omne Staffing, Inc., ("Omne") was a corporation organized under the laws of the State of Delaware.

10. At all relevant times, Omne was engaged in the business of providing temporary employees to businesses.

11. Upon information and belief, the Defendant is a corporation organized under the laws of the State of California with an address of 20465 East Walnut Drive, Walnut, California 91789.

12. Upon information and belief, Omne entered into a contract with the Defendant prior to March 5, 2004 to supply various temporary employees to the Defendant (the "Contract").

13. Omne supplied temporary employees to the Defendant under the Contract for various time periods including March 5, 2004 through March 12, 2004.

14. Upon information and belief, Omne also supplied certain equipment to the Defendant including but not limited to time clocks, computers, printers, copy machines and/or facsimile machines (the "Equipment").

15. Omne has submitted various invoices to the Defendant seeking payment for the services rendered (the "Invoices").

16. The total amount due under the Invoices is $162,986.50.

17. Despite due demand, the Defendant has failed to remit payment due under the Invoices.

18. The Trustee has attempted to collect the amount owed by the Defendant to Omne.

19. Despite due demand, the Defendant has failed and refused to pay all amounts due to Omne or return the Equipment.

20. The Defendant also is obligated to pay Omne's reasonable costs of collection and attorneys' fees in the event that Omne is required to commence an action to collect amounts due as a result of the Defendant's failure to pay for the employees supplied by Omne.

## COUNT I

21. The Trustee repeats the allegations set forth in paragraphs 1 through 20 of this Complaint as though fully set forth herein.

22. Omne has a legal and equitable interest in debt owed by the Defendant as of the Filing Date.

23. Upon information and belief, some or all of the Invoices were issued to the Defendant and became due and payable after the Filing Date. As such, the Invoices constitute proceeds or profits of or from property of the estate under 11 U.S.C. §§541(a)(1) and (a)(6).

24. The amounts due under the Invoices constitute property that the Trustee may use under 11 U.S.C. §363.

25. Upon information and belief, Defendant remains in possession, custody and control of the funds belonging to the Debtors' consolidated bankruptcy estate.

26. Upon information and belief, Defendant remains in possession, custody and control of the Equipment.

27. The Trustee is entitled to turnover of $162,986.50 under 11 U.S.C. §542.

3

28.     The Trustee is also entitled to turnover of the Equipment or the value thereof.

**WHEREFORE**, the Trustee demands judgment against the Defendant:

A.     For $162,986.50, plus interest thereon.

B.     Directing the Defendant to turn over the sum of $162,986.50, plus interest thereon, to the Trustee.

C.     Directing the Defendant to turn over the Equipment to the Trustee or pay the value thereof.

D.     Awarding to the Trustee his attorneys' fees and costs of suit.

E.     Granting such other and further relief as is deemed just and proper.

## COUNT II

29.     The Trustee repeats the allegations set forth in paragraphs 1 through 28 of this Complaint as though fully set forth herein.

30.     Omne's books and records reflect that there is due from the Defendant the sum of $162,986.50.

31.     The Trustee has demanded payment from the Defendant but payment has not been made.

**WHEREFORE**, the Trustee demands judgment against the Defendant:

A.     For $162,986.50, plus interest thereon.

B.     Directing the Defendant to turn over the sum of $162,986.50, plus interest thereon, to the Trustee.

C.     Awarding to the Trustee his attorneys' fees and costs of suit.

D.     Granting such other and further relief as is deemed just and proper.

## COUNT III

32.     The Trustee repeats the allegations set forth in paragraphs 1 through 31 of this Complaint as though fully set forth herein.

33. Omne provided valuable services to the Defendant upon the Defendant's promise to pay a reasonable price in consideration therefor.

34. The Trustee has demanded payment from the Defendant but payment has not been made.

**WHEREFORE**, the Trustee demands judgment against the Defendant:

A. For $162,986.50, plus interest thereon.

B. Directing the Defendant to turn over the sum of $162,986.50, plus interest thereon, to the Trustee.

C. Awarding to the Trustee his attorneys' fees and costs of suit.

D. Granting such other and further relief as is deemed just and proper.

## COUNT IV

35. The Trustee repeats the allegations set forth in paragraphs 1 through 34 of this Complaint as though fully set forth herein.

36. Upon information and belief, the Defendant may have made payments on account of the Invoices to entities other than Omne.

37. The Trustee is entitled to an accounting of all payments made by the Defendant on account of the Invoices.

38. The Trustee is also entitled to an accounting of the Equipment.

**WHEREFORE**, the Trustee demands judgment against the Defendant:

A. Directing the Defendant to provide an accounting of all payments made by the Defendant to Omne or to any other person or entity on account of the Invoices.

B. Directing the Defendant to provide an accounting of the Equipment.

C. Awarding to the Trustee his attorneys' fees and costs of suit.

D.      Granting such other and further relief as is deemed just and proper.

                            FORMAN HOLT & ELIADES LLC
                            Attorneys for Plaintiff/Trustee


By:    /s/  William L. Waldman
      William L. Waldman

Dated:  October 12, 2004

6